[Filed October 19, 1891.]

## STATE OF OREGON *v.* CHAS. O'NEIL.

INDICTMENT—WORDS USED—ORDINARY MEANING.—Words used in an indictment must, with few exceptions, be construed in their usual acceptation in common language.

HOTEL—DWELLING.—An indictment charging larceny "in a dwelling, namely, the Riverside Hotel," sufficiently alleges the crime to have been committed in a house.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Affirmed.

*A. F. Sears,* for Appellant.

*W. T. Hume,* for Respondent.

BEAN, J.—This is an appeal from a judgment sentencing the defendant to confinement in the penitentiary for the crime of larceny in a dwelling-house. The sufficiency of the indictment to sustain the judgment is the only question presented on this appeal. The indictment charges the crime to have been committed "in a dwelling, namely, the Riverside Hotel." The point of the objection is, that the word dwelling does not necessarily imply a house or building, but is simply a place of residence or abode, and may be a tent, booth, cave, or any habitation occupied as such. In this case, however, we are not left to conjecture as to the

particular place in which this crime is alleged to have been committed, for it is designated in the indictment as the Riverside Hotel; and the words used in an indictment, with certain exceptions, which are unimportant here, must be construed in their usual acceptation, in common language. (Hill's Code, § 1277.)   The usually accepted definition of a hotel is a house for entertaining strangers or travelers. (Century Dict.  Title, Hotel.)  So that when the indictment alleged the crime to have been committed in a dwelling, namely, the Riverside Hotel, we think it sufficiently charged it to have been committed in a house.

The judgment of the court below is therefore affirmed.

The question presented in the other case against this defendant for larceny in a dwelling, namely, the National Hotel, being the same as in this, it is also affirmed.